UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRONE MOORE, | |
| Movant, | 19-CV-4112 (LAP) |
| -against- | 16-CR-0167-12 (LAP) |
| UNITED STATES OF AMERICA, | ORDER |
| Respondent. | |

LORETTA A. PRESKA, United States District Judge:

      Movant, currently incarcerated in the Federal Correctional Institution, in Butner, North Carolina, brings this *pro se* motion under 28 U.S.C. § 2255, challenging the legality of his conviction and sentence entered in *United States v. Moore,* No. 16-CR-0167-2 (LAP) (S.D.N.Y. Mar. 29, 2018). On May 9, 2019, the Court directed Movant to file an amended motion because the original motion did not comply with Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts. ("Rule ") (ECF No. 1.) The Court reached that conclusion because the original motion is 64 pages long, contains unnecessary and excessive detail, and does not clearly or plainly specify the grounds for relief or the facts supporting each ground.

      The Court dismissed this matter on August 7, 2019, because Movant did not comply with the May 9, 2019 order. But the Court has since reopened it at Movant's request, and has now granted him several extensions of time. On July 14, 2020, the Court received a letter from Movant in which he seeks reconsideration of the May 9, 2019 order. Movant also requests a copy of the original motion, and access to a typewriter at his correctional facility.

      Having reviewed the original § 2255 motion, the Court denies the motion for reconsideration of the May 9, 2019 order. The original motion is unwieldy, and it obscures the

nature of Movant's grounds and the facts in support of those grounds. In short, the Government should not have to examine 64 handwritten pages to ascertain Movant's claims and the supporting facts.

But the Court grants Movant an extension of time to comply with the May 9, 2019 order. Movant is directed, within sixty days from the date of this order, to submit a supplemental motion that summarizes, in a short and plain fashion, his grounds for § 2255 relief and only those facts relevant to those grounds. Should Movant comply, the Court will consider it as a supplemental pleading, and will consider both the original motion and the supplemental motion together as the operative pleading. No further extensions of time will be granted.

The Court grants Movant's request for a copy of the original motion, and will mail it to him under separate cover. Because the Court has no authority to order prison officials to provide Movant with a typewriter, that request is denied. Thus, if the supplemental motion is to be handwritten, it must be legible, *see* Rule 2(b)(4), as well as succinct.

The Clerk of Court is directed to mail a copy of this order to Movant, and note service on the docket.

Because Movant has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

3

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  July 16, 2020
        New York, New York

                                      LORETTA A. PRESKA
                                      United States District Judge