UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRONE MOORE,

                          Petitioner,

-against-

UNITED STATES OF AMERICA,

                          Respondent.

16 CR 167 (LAP)
19 CV 4112 (LAP)

MEMORANDUM & OPINION

---

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Petitioner Tyrone Moore's ("Moore") pro se motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.[1]  The Government opposed the motion.[2]  For the reasons set forth below, Petitioner's § 2255 motion is denied.

---

[1] (See Mot. To Vacate ("Mot. Vacate"), dated April 9, 2019 [dkt. no. 307 in 16-cr-167]; dkt. no. 1 in 19-cv-4112; see also Pet'r's Mem. in Supp. of Mot. Vacate. ("Pet. Mem."), dated Sept. 6, 2020 [dkt. no. 347].)  Unless otherwise specified, all citations to docket entries herein refer to 16-cr-167.

[2] (See Mem. in Opp'n to Mot. Vacate ("Opp'n Mem."), dated Oct. 29, 2020 [dkt. no. 349]; see also Supp. Mem. in Opp'n to Pet. Mem. ("Supp. Opp'n Mem."), dated November 24, 2020 [dkt. no. 353].)

1

I.   Background

   a. Indictment, Conviction, and Sentencing

On July 25, 2016, a grand jury issued a superseding indictment against Moore and eleven co-conspirators, charging them with various drug-trafficking and firearms offenses. (See dkt. no. 47.) The indictment charged Moore with conspiring to distribute and possess with the intent to distribute more than five kilograms of cocaine between at least in or about 2013 and in or about 2016, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (Id. at 4.)

On June 14, 2017, Moore entered into a plea agreement with the Government (the "Plea Agreement") in which he agreed to plead guilty to the lesser-included offense of conspiracy to distribute and possess with intent to distribute cocaine during the same period, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846.[3] Pursuant to the Plea Agreement, Moore waived his right to directly appeal or collaterally challenge any sentence imposed within the stipulated Guidelines range of 151-188 months' imprisonment. (Id. at 5.)

On the same day, Magistrate Judge James C. Francis conducted a plea allocution proceeding in accordance with

---

[3] (See "Plea Agreement," Opp'n Mem., Exhibit A, at 1.)

Federal Rule of Criminal Procedure 11.[4] Judge Francis confirmed, among other things, that Moore understood the charges (see Plea Tr. at 5), that he was satisfied with his attorney (see id.), and that his plea was knowing and voluntary (see id. at 6.) He also ensured that Moore understood the consequences of the appellate waiver. (See id. at 11.) In accordance with Judge Francis's recommendation, the Court then accepted Moore's guilty plea. (See dkt. no. 161.)

On March 29, 2018, the Court sentenced Moore to 120 months imprisonment, followed by five years of supervised release. (See dkt. no. 239.) At sentencing, Moore's counsel argued for a downward variance based on Moore's medical condition, childhood abuse, and age at the time he committed his predicate offenses,[5] which the Court considered in sentencing Moore below the stipulated Guidelines range. (See Tr. at 15.)

b. The Instant Motion

On May 7, 2019, the Court received the instant § 2255 motion, including a handwritten 50-page affidavit that purports to set forth Petitioner's grounds for relief. (See Mot. Vacate.) Because this motion did not clearly set forth Moore's claims, much less the supporting facts or legal theories, the

---

[4] (See Plea Transcript ("Plea Tr."), dated June 14, 2017 [dkt. no. 162].)
[5] (See Sentencing Transcript ("Tr."), dkt. no. 244, at 4-9).

3

Court directed Moore to file an amended motion under 28 U.S.C. § 2255. (See dkt. no. 309.) Moore filed a shortened explanation of his original motion on October 9, 2020. (See Pet. Mem.) The Court considers Petitioner's original motion and his supplemental motion together as the operative pleadings.

II. Legal Standards

    a. The Habeas Statute

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the grounds, inter alia, that the "sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). On a § 2255 motion, the defendant bears the burden of proof by a preponderance of the evidence. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

    b. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must (1) demonstrate that his counsel's performance "fell below an objective standard of reasonableness," and (2) "affirmatively prove prejudice." See Strickland v. Washington, 466 U.S. 668, 688, 693 (1984). A court need not assess these prongs in order and may reject a claim for failure to satisfy either prong without reaching discussion of the

4

other. See Ramzan v. United States, No. 06 CR. 456 (NRB), 2012 WL 3188847, at *5 (S.D.N.Y. Aug. 6, 2012) (citing Strickland, 466 U.S. at 697).

In analyzing the performance prong, "a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. To constitute an objectively unreasonable performance, counsel's representation must have "amounted to incompetence under the prevailing professional norms." See Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted).

As to the second prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of guilty pleas, a petitioner must show a reasonable probability that, absent his attorney's deficiencies, he would have rejected the plea and demanded a trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Regarding sentencing, the petitioner must prove that a lesser sentence would have been imposed had his counsel performed effectively. See Thomas v. United States, No. 17 Civ. 6877 (KPF), 2020 WL 1285622, at *5 (S.D.N.Y. Mar. 18, 2020) (citing United States v. Workman, 110 F.3d 915, 920 (2d Cir. 1997)).

5

c. <u>The Appellate Waiver</u>

The Court of Appeals has repeatedly held that waivers barring appeal of sentences within or below a stipulated Guidelines range, provided that the defendant knowingly and voluntarily assented to the waiver, are valid and enforceable. <u>See, e.g.</u>, <u>United States v. Salcido-Contreras</u>, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam); <u>United States v. Maher</u>, 108 F.3d 1513, 1531 (2d Cir. 1997). Waivers that specifically prohibit collateral attack under § 2255 are similarly legitimate. <u>See Garcia-Santos v. United States</u>, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam). Such waivers preclude collateral attack on grounds arising both before and after the plea agreement has been entered, including alleged errors at sentencing. <u>Id.</u>

III. <u>Discussion</u>

Moore asserts grounds for relief involving both alleged ineffective assistance of counsel and the constitutionality of his sentence. (<u>See</u> Pet. Mem.) As illustrated below, each approach is without merit.

a. <u>Ineffective Assistance of Counsel</u>

Moore argues that his attorney was constitutionally deficient in several respects: (1) in allegedly misadvising him about the possibility of collaterally attacking his prior convictions (Ground 1 in Pet. Mem.); (2) in failing to investigate the possibility of collaterally attacking his prior

6

convictions (Ground 2 in Pet. Mem.); (3) in failing to withdraw his plea (Ground 8 in Pet. Mem.); and (4) in failing to object to certain statements made during sentencing (Ground 9 in Pet. Mem.)  The Court addresses each argument in turn.

> 1. Ineffective Assistance With Respect to Collateral Attack of Prior Convictions

In Grounds 1-2, Moore argues that his attorney's advice that he could not collaterally attack prior convictions at sentencing, as well as the failure to investigate the possibility of such an attack, rendered his attorney ineffective. (See Mot. Vacate at 14-27; Pet. Mem. at 3.) Specifically, Moore contends that his predicate convictions are invalid due to ineffective assistance of counsel during his prior criminal proceedings and that his career offender designation was thus inappropriate. Id.  However, regardless of any alleged deficiencies on the part of Moore's previous attorneys, he could not have challenged his prior convictions at sentencing in the instant case, and his attorney's advice was thus objectively reasonable.

Generally, a defendant is not permitted to attack collaterally prior convictions at the time of sentencing for a new conviction. See United States v. Hernandez, 27 F. App'x 36, 40 (2d Cir. 2001) (quoting United States v. Mackins, 218 F.3d 263, 269 (3d Cir 2000)); see also Custis v. United States, 511

U.S. 485, 497 (1944) (holding that defendant could not "use the federal sentencing forum to gain review of his state convictions."). Unless a defendant was deprived of counsel altogether at the time of a prior conviction, he is barred from disputing its validity to avoid a career offender designation. See United States v. Jones, 27 F.3d 50, 52 (2d Cir. 1994) (per curiam). Despite his complaints about their performance, Moore was represented by counsel at the time of his prior guilty pleas. (See Mot. Vacate at 14-17; see also Opp'n Mem. at 6.) Thus, Moore's attorney could not have attacked Moore's prior convictions to obtain a lower sentence, and his advice to Moore was objectively reasonable.

Moore also contends that his attorney was ineffective for advising him that he could not return to the rendering courts to challenge his prior convictions. (See Mot. Vacate at 23-25.) Although Moore was no longer in custody for these convictions and thus could not seek habeas relief, he insists that his attorney should have researched other possibilities, such as filing a writ of error coram nobis. (See id.) This assertion is baseless, both due to the exceptional nature of circumstances warranting writs of error coram nobis (see, e.g., Ortiz v. New York, 75 F. App'x 14, 17 (2d Cir. 2003) (denying defendant's coram nobis petition on the grounds that it was a "transparent attempt to circumvent the procedural obstacles that barred his

8

§ 2255 motion"); see also Daniels v. United States, 532 U.S. 374, 382 (2001) ("[I]f...a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available . . . then that defendant is without recourse.")) and Moore's failure to seek such relief subsequent to his guilty plea (see Opp'n Mem. at 6). Thus, Moore's attorney's advice that Moore could not challenge his prior convictions in the rendering courts was objectively reasonable. See Strickland, 466 U.S. at 687 (citations and internal quotation marks omitted) ("[A] guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not a reasonably competent attorney and the advice was not within the range of competence demanded of attorneys in criminal cases.").

In addition to the objective reasonableness of his counsel's performance, Moore cannot viably assert that he suffered prejudice. "To satisfy the prejudice element of the Strickland test in the context of a guilty plea, petitioner would have to show that he would have been acquitted or at least received a shorter sentence after conviction." See Holman v. Ebert, No. 06 CIV. 3618 (BMC), 2007 WL 4591718, at *5 (E.D.N.Y. Dec. 28, 2007). The Plea Agreement allowed Moore to plead to a lesser-included offense that did not carry the ten-year

9

mandatory minimum accompanying his original charge. (See Opp'n Mem. at 7). Had Moore been convicted under the initial charge, his sentence would have been at least as long as the 120-month sentence he ultimately received, even without considering his prior convictions. This benefit, in light of the absence of facts to suggest that Moore would have been acquitted, undermines Moore's assertions that he would not have accepted the plea had his counsel advised him differently. "[B]ecause the prejudice standard is objective, plaintiff may not rely on his subjective, though objectively unreasonable, belief that he would not have pleaded guilty had his counsel provided adequate representation." See Cabrera v. United States, No. 05 CR. 1278 (NRB), 2013 WL 4505191, at *4 (S.D.N.Y. Aug. 23, 2013). Therefore, even if Moore had the ability to attack collaterally his prior convictions, he cannot reasonably demonstrate that knowledge of this ability would have affected his decision to plead guilty.

2. Ineffective Assistance With Respect to Withdrawal of the Plea

In Ground 8, Moore argues that his counsel was ineffective for failing to communicate to the Court that Moore wished to withdraw his plea. (See Mot. Vacate 46-48; Pet. Mem. at 5.) Moore claims that his attorney induced his plea through "inaccurate misinformation" about the plausibility of seeking a

10

plea deal that would include a downward departure from the Sentencing Guidelines, and thus withdrawal was warranted. (See Mot. Vacate at 46.) This argument is also unavailing.

Rule 11 of the Federal Rules of Criminal Procedure permits a defendant to withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). However, "the defendant must present some significant questions concerning the voluntariness or general validity of the plea" to persuade the Court to consider a motion to withdraw. See United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992) (quoting United States v. Fountain, 777 F.2d 351, 358 n.3 (7th Cir. 1985)).

Ineffective assistance of counsel during plea negotiations can provide a valid reason to withdraw a plea if it renders the plea involuntary. See United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). However, the two-prong test set forth in Strickland applies to this inquiry. See id. Even if Moore's attorney had misinformed him about the plausibility of obtaining a better plea deal, Moore's allegations do not satisfy the prejudice prong of Strickland. See Cuevas v. United States, No. 10 CIV. 5959 (PAE)(GWG), 2012 WL 3525425, at *7 (S.D.N.Y. Aug. 16, 2012), report and recommendation adopted, No. 10 CIV. 5959 (PAE)(GWG), 2013 WL 655082 (S.D.N.Y. Feb. 22, 2013) (rejecting defendant's contention that his attorney was ineffective for

11

failing to negotiate a better plea deal where there was no evidence that the Government would have been amenable to such a deal).

Moore states that his belief that downward departures from the Sentencing Guidelines were unavailable "affected his decision to plead guilty." (Mot. Vacate at 46). However, he does not offer any support for this contention. As explained above, the Plea Agreement allowed Moore to plead to a lesser-included offense that did not carry the ten-year mandatory minimum accompanying his original charge. Furthermore, Moore does not claim that he had any intention of going to trial based on the possibility of a downward departure, only that he wished to seek a more favorable plea deal. (See Mot. Vacate at 47.) Because the prejudice inquiry at the plea phase examines whether the defendant would have rejected the plea deal and gone to trial but for counsel's conduct (see Hill, 474 U.S. at 59), Moore's argument fails.

As Moore could provide no valid grounds for moving to withdraw his plea, he cannot contend that his attorney was ineffective for failing to do so. Failing to assert frivolous arguments, even where requested by the defendant, does not render counsel's performance deficient. See Thomas, 2020 WL 1285622, at *5 (citing Weingarten v. United States, 865 F.3d 48,

12

59 (2d Cir. 2017)). Therefore, this claim provides no basis to collaterally attack Moore's conviction.

### 3. Ineffective Assistance at Sentencing

Moore asserts in Ground 9 that his attorney was ineffective for failing to object to certain statements made at sentencing. (See Mot. Vacate at 28-35; Pet. Mem. at 5.) This Court need not address Moore's numerous allegations of inaccuracy, as Moore cannot satisfy the second prong of Strickland.

In entering into the Plea Agreement, Moore waived the right to challenge any sentence within or below the stipulated Guidelines range of 151-188 months. (See Plea Agreement at 3.) Moore cannot complain that he was prejudiced by his attorney's failure to object to statements made during sentencing, as his 120-month sentence was significantly lower than the agreed upon Guidelines range. Accordingly, each of Moore's arguments pertaining to ineffective assistance of counsel at sentencing are meritless.

### b. Claims Relating to Petitioner's Sentence

Moore asserts several grounds for relief in addition to his claim of ineffective representation. Because the Plea Agreement's appellate waiver forecloses all direct and collateral appeals absent a showing of ineffective assistance of counsel (see Plea Agreement at 5), these arguments are unavailing.

### 1. Validity of the Appellate Waiver

As a threshold matter, the Court acknowledges that waivers of appellate or collateral attack rights can be nullified if they are unconstitutionally procured. See United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam). However, all of Moore's attacks on the validity of his plea agreement fail.

In Ground 6, Moore asserts that the waiver is invalid because he was not adequately represented by counsel. (See Mot. Vacate at 42; Pet. Mem. at 4.) However, "[a] claim of ineffective assistance of counsel is not a vehicle for a criminal defendant to attempt an end-run around a knowing and voluntary waiver of his right to appeal his sentence." Santiago-Diaz v. United States, 299 F. Supp. 2d 293, 299 (S.D.N.Y. 2004) (citing United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) (per curiam)). For the reasons discussed above, Moore's ineffectiveness arguments fail.

Relatedly, Moore argues in Ground 7 that his lack of access to legal materials rendered his plea involuntary. (See Mot. Vacate at 44-45; Pet. Mem. at 5.) Because Moore was represented by counsel, whether he had the ability to conduct his own legal research is immaterial. See Bourdon v. Loughren, 386 F.3d 88, 98-99 (2d Cir. 2004) (holding that adequate representation of

14

counsel constituted constitutionally acceptable access to the courts).

In Ground 4, Moore claims that he did not enter the plea agreement knowingly and voluntarily because he was under the influence of narcotics and suffering from mental and physical illnesses. (See Mot. Vacate at 36-39; Pet. Mem. at 3-4.) This argument contradicts Moore's statements under oath at his plea allocution.[6] Moore not only confirmed that he was familiar with the contents of his plea agreement but also that he had the mental capacity to understand the proceedings. (See Plea Tr. at 3-4.) Moore's attorney also verified that he had reviewed the plea agreement with Moore and that Moore was capable of understanding its terms. (See id. at 5.) Although Moore now attempts to disavow his allocutions, "solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Accordingly, Moore's plea agreement, including the appellate waiver, is binding.

---

[6] This contention is also inconsistent with Moore's claim in Ground 7 that he would have been capable of conducting his own legal research had he been provided access to legal materials; regardless, the Court finds each argument independently baseless.

## 2. Remaining Complaints Barred by Appellate Waiver

In Grounds 3, 5, 10, and 11, Moore purports to attack the validity of his sentence itself.[7] Although the Court has reviewed each of these allegations and finds them without merit, they are directly barred by the appellate waiver and thus need not be fully addressed here.

Finally, Moore asserts in Ground 12 that his "right to appeal should be given back" because he was unable to appeal earlier due to his hospitalization. (See Pet. Mem. at 6.) Not only is this claim conclusory, it is also irrelevant. Moore waived his right to appeal in his Plea Agreement, which, as discussed above, is legitimate and binding.

## IV. Conclusion

For the reasons set out above, Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 307) is denied.

The Clerk of Court is directed to close the open motions (dkt. no. 307 in 16-cr-167; dkt. no. 1 in 19-cv-4112) and close

---

[7] Ground 3 alleges that the Court relied on misinformation regarding Moore's prior criminal convictions. (See Mot. Vacate at 28; Pet. Mem. at 3.) Ground 5 argues that the career offender guidelines are "outdated" for considering offenses committed while still a juvenile. (See Mot. Vacate at 40-41; Pet. Mem. at 4.) Ground 10 alleges that his sentence is predicated on "invalid" prior convictions. (See Mot. Vacate at 50; Pet. Mem. at 6.) Ground 11 asserts that the career offender statute does not encompass drug conspiracy convictions. (See Pet. Mem. at 6.)

case number 19-cv-4112.  The Clerk of Court is further directed to mail a copy of this order to Moore.

**SO ORDERED.**

Dated:   New York, New York
         June 27, 2022

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge